*Leave to Appeal Denied September 17, 1991:*

PEOPLE V DELAFUENTE, No. 87770, 5/May 1991. The cause having been briefed and orally argued, the order of October 24, 1990, 436 Mich 880, granting leave to appeal is vacated, and leave to appeal is denied because the Supreme Court is no longer persuaded that the questions presented should be reviewed. Court of Appeals No. 112714.

RILEY, J. I dissent from the order entered in this case.

In the instant case, we were asked to consider defendant's double jeopardy challenge under both the Fifth Amendment of the United States Constitution, and art 1, § 5 of the Michigan Constitution. While I agree with the Court of Appeals that defendant has not established a double jeopardy violation under Const 1963, art 1, § 5, I dissent from the Court's order because defendant's double jeopardy challenge was not considered in light of the Fifth Amendment.

The United States Supreme Court recently held that the Double Jeopardy Clause prohibits successive prosecutions when the state intends to prove the same conduct that was proven in a prior trial.

*Grady v Corbin,* 495 US —; 109 L Ed 2d 548, 564 (1990). Under *Grady,* a prosecutor must first apply the traditional test in *Blockburger v United States,* 284 US 299 (1932):

> If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. [*Grady, supra,* 109 L Ed 2d 561. Citations omitted.]

If the state survives the first test, it must next establish that it will not prove the same conduct proved in the prior criminal trial.

> As we suggested in [*Illinois v] Vitale* [447 US 410 (1980)], the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is *what conduct the State will prove, not the evidence the State will use to prove that conduct.* [*Id.,* 109 L Ed 2d 564. Emphasis added.]

In light of the two separate double jeopardy tests, I wish to point out that *Grady* does not constitutionalize the "same transaction" test as we have adopted in *People v White,* 390 Mich 245 (1973), and refined in *Crampton v 54-A Dist Judge,* 397 Mich 489, 501-502 (1976), for the purpose of double jeopardy challenges under art 1, § 15 of the Michigan Constitution. Also, it is possible to satisfy the "same transaction" test, yet fail the "same conduct" test in a double jeopardy challenge. If this is the case, the *Grady* test will, of course, take precedence.

Finally, I recommend the implementation of the procedural mechanism used by the federal court of appeals to assess double jeopardy challenges in light of the "same conduct" test. See *Grady, supra,* 109 L Ed 2d 565, n 14.

BOYLE, J. I concur in the statement by RILEY, J.